**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-037-JHP |
| ) | |
| JAMES BRIAN WRIGHT, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

Before the Court is Defendant's Motion to File Appeal Out of Time [Docket No. 45]. This matter came on for hearing May 13, 2009. The Government was present and represented by United States Attorney Christopher J. Wilson. Defendant was represented by counsel of record, Janice Walters Purcell, and Defendant's former counsel, Robert A. Ridenour, testified at the hearing. For the reasons set forth below, the motion is DENIED.

Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), a defendant's notice of intent to appeal must be filed within ten (10) days of entry of the order being appealed. Fed.R.App.P. 4(b)(1)(A). In the instant case, the sentence to be appealed was imposed on January 26, 2009, and the ten (10) days have elapsed.

However, Rule 4(b) also provides that the time for filing a notice of intent to appeal can be extended by up to thirty days upon a finding of "excusable neglect or good cause." Fed.R.App.P. 4(b)(4). It is incumbent upon the defendant to make a showing of excusable neglect or good cause.

Defendant argued his attorney failed to file a Notice of Appeal after being requested by Defendant to do so. Federal Public Defender Robert A. Ridenour testified that to the contrary, he discussed the merits of any appeal with Defendant and advised him there were no valid grounds for

1

an appeal. He testified he did not, however, refuse to file an appeal. Consequently, there is no evidence or showing of "excusable neglect or good cause" which would warrant an extension to file a notice of intent to appeal.

A time bar pursuant to Rule 4(b), while not jurisdictional, is "inflexible" and must be enforced when properly invoked by the Government. *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008); *United States v. Garduno*, 506 F.3d 1287, 1290-1291 (10th Cir. 2007), *Eberhart v. United States*, 546 U.S. 12, 19 (2005). Further, as part of the written plea agreement in this case, the defendant waived his right to appeal the sentence. Under the terms of the defendant's plea agreement, in exchange for a plea of guilty on Counts One and Two of the Indictment, the Government agreed to dismiss a separate Indictment (CR-07-036-JHP). The Government also agreed to file a motion for additional point for timely acceptance of responsibility. In exchange, Defendant expressly agreed to waive his appellate rights. The Tenth Circuit has held that appellate waivers are valid and enforceable. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004); *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).

*Accordingly, Defendant's Motion to File Appeal Out of Time is denied.*

**IT IS SO ORDERED this 29th day of May, 2009.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma